UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE D. TRUSSELL,

    Plaintiff,

v.                                                                                               Case No: 8:16-cv-1048-T-24JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Stephanie D. Trussell, seeks judicial review of the denial of her claim for disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employ proper legal standards, the Court recommends that the decision be reversed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on May 4, 2012. (Tr. 127–28.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 74–75, 83–88.) Plaintiff then requested an administrative hearing. (Tr. 89.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 533–57.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and, accordingly, denied Plaintiff's claims for benefits. (Tr. 13–27.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 7–

9, 28–29.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1972, claimed disability beginning on December 30, 2011. (Tr. 47.) Plaintiff has a high school education. (Tr. 26.) The ALJ determined that Plaintiff could not perform her past relevant work as a customer service representative (retail store). (Tr. 25.) Plaintiff alleged disability due to anxiety, depression, migraines, a problem with vision, and episodes of hyperventilation. (Tr. 47.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since December 30, 2011, the alleged onset date. (Tr. 18.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: migraine headaches, degenerative disc disease, shoulder tendonitis, obesity, major depressive disorder, and generalized anxiety disorder. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing"). (Tr. 19.)

The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> . . . perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Function by function, the claimant remains able to lift and or carry 20 pounds occasionally and 10 pounds frequently, stand and or walk 6 hours in a workday, and sit 6 hours in a workday with a sit stand option after 30 minutes. She can never climb ladders, ropes, or scaffolds, but she remains able to frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to extreme cold, noise, vibration, pulmonary irritants, and hazards. She is limited to unskilled work with a specific vocational preparation of 1 or 2, simple, repetitive, and routine tasks with occasional interaction with supervisors and coworkers with occasional changes in work setting.

(Tr. 21.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 21.)

The ALJ determined that Plaintiff could not perform past relevant work. (Tr. 25.) Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a ticket seller, copy machine operator, or mail clerk. (Tr. 26.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 27.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in his evaluation of four medical opinions, and (2) the ALJ failed to include all of Plaintiff's limitations in his hypothetical to the VE. For the reasons that follow, Plaintiff's contentions as to the medical opinions of two state agency physicians and as to the ALJ's hypothetical warrant reversal.

**A.     Medical Opinions**

Plaintiff argues that because the ALJ erred in his evaluation of medical opinions, his RFC assessment does not properly account for all of Plaintiff's limitations. (Dkt. 16 at 13.) Specifically, Plaintiff contends that (1) the ALJ's RFC assessment failed to include mental limitations opined by state agency physicians Dr. Jessy Sadovnik and Dr. Sanford Golin, (2) the ALJ erred in his evaluation of the opinions of treating physician Dr. Ashit Vijapura, and (3) the ALJ failed to state the weight assigned to the opinions of consultative examining physician Dr. Nekeshia Hammond.

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis, prognosis, ability to perform despite impairments, and physical or mental restrictions. *Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted). When assessing the medical evidence, the ALJ must state, with particularity, the weight afforded to medical opinions and the reasons for such assignment of weight. *Id.* at 1179; *see Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for

a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.").

Failure to specify the weight afforded to a medical opinion is reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) (remanding for further consideration where the ALJ's decision failed "to mention the appellant's treating physician and the weight, if any, the ALJ gave to the treating physician's evidence and opinion"). This standard applies equally to the opinions of treating and non-treating physicians. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015). A treating physician's opinion is "given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor*, 786 F.2d at 1053 (11th Cir. 1986). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is "the most" a claimant "can still do despite [his or her] limitations." *Id.* § 404.1545(a)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine a claimant's RFC, an ALJ assesses all of the relevant evidence of record, and the ALJ considers the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). The ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe, in determining the RFC. *Id.* § 404.1545(e). Importantly, while all medical opinions, including opinions regarding a claimant's RFC, must be considered, a claimant's RFC is a decision "reserved

to the Commissioner." 20 C.F.R. § 404.1527(d)(2); *see Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877–78 (11th Cir. 2013).

### 1. State Agency Physicians Dr. Sadovnik and Dr. Golin

With regard to state agency medical consultants, the ALJ must consider their findings and opinions as they are "highly qualified and experts in Social Security disability evaluation," but the ALJ is "not required to adopt any prior administrative medical findings." 20 C.F.R. § 404.1513a(b). Further, although the ALJ must consider all medical opinions, the "final responsibility" for determining a claimant's RFC "is reserved to the Commissioner." *Id.* § 404.1527(d)(2).

Dr. Sadovnik prepared a mental RFC assessment of Plaintiff in July 2012. (Tr. 54–56.) He opined that Plaintiff is able to understand, remember, and carry out simple as well as detailed instructions, locations, and work-like procedures, but has a moderate ability to understand and remember detailed instructions. (Tr. 56.) He found Plaintiff to have the moderate ability to maintain concentration and attention for extended periods, perform activities within a schedule, maintain regular attendance, maintain a normal workday without interruptions from psychologically-based symptoms, and perform at a consistent pace without an unreasonable number of rest periods. (Tr. 56.) Further, Dr. Sadovnik opined that Plaintiff had a moderate ability to accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting. (Tr. 56.) Finally, he opined that Plaintiff retains the ability to be aware of normal hazards and take appropriate precautions as well as the ability to travel in unfamiliar places or use public transportation, and the moderate ability to set realistic goals or make plans independently of others. (Tr. 56.) In summary, Dr. Sadovnik found that

Plaintiff can perform simple and repetitive tasks and meet the basic mental demands of work on a sustained basis despite her limitations. (Tr. 56.)

Dr. Golin prepared a mental RFC assessment of Plaintiff in December 2012, adopting Dr. Sadovnik's assessment, and opining that Plaintiff is able to understand and recall instructions for simple tasks and persist in carrying out such tasks, and can adapt to changes in simple tasks, but has moderate limitations in her ability to relate to others. (Tr. 70–72.)

The ALJ first considered Dr. Sadovnik's and Dr. Golin's opinions in his evaluation of whether Plaintiff's impairments met the mental functioning limitations required by Listings 12.04B (depressive, bipolar and related disorders) and 12.06B (anxiety and obsessive-compulsive disorders), which are limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. (Tr. 20.) The ALJ accorded their opinions that Plaintiff had mild limitations in her activities of daily living and moderate limitations in social functioning, maintaining concentration, persistence, and pace "some" weight. (Tr. 20.) Next, the ALJ considered their opinions when assessing Plaintiff's mental RFC, and accorded them "great" weight. (Tr. 24–25.) Based on his according their opinions great weight, the ALJ limited Plaintiff's RFC to "unskilled work with some social limits, which is a significant limitation that should adequately provide for any psychologically based symptoms and or pain." (Tr. 25.)

Plaintiff argues that the ALJ's RFC assessment failed to include Dr. Sadovnik's and Dr. Golin's opinions that Plaintiff would have "'moderate limited ability in maintaining attention and concentration for extended periods' and would have a 'moderate limited ability to perform activities within a schedule and maintain regular attendance and a moderate limited ability to maintain a normal workday without interruptions from psychologically based symptoms and to

perform at a consistent pace without an unreasonable number of rest periods.'" (Dkt. 16 at 15.) In response, Defendant argues that the ALJ was not required to adopt their opinions in his RFC determination because the RFC determination is reserved to the Commissioner. (Dkt. 22 at 11.)

Here, "the discrete issue before the Court is whether the ALJ sufficiently explained his rationale for including only portions of Dr. [Sadovnik's and Dr. Golin's] opinion in Plaintiff's RFC." *Monte v. Astrue*, No. 5:08-CV-101-OC-GRJ, 2009 WL 210720, at *6 (M.D. Fla. Jan. 28, 2009). Although the ALJ's RFC determination limits Plaintiff to unskilled, simple, repetitive, and routine work (Tr. 21), it does not address Plaintiff's limitations with maintaining attention and concentration, performing work activities within a schedule, maintaining regular attendance without interruptions, and performing at a consistent pace without an unreasonable number of breaks.

While the ALJ is "not required to adopt any prior administrative medical findings," 20 C.F.R. § 404.1513a(b), without an explanation of the weight accorded to each item of evidence and an explanation of the reason for the ALJ's decision, it is impossible for the Court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 732–33 (11th Cir. 2011) (finding that "[w]ithout a clear explanation of the ALJ's treatment of [a treating physician's] opinion, [the court] cannot determine whether the ALJ's ultimate decision on the merits was rational and supported by substantial evidence"); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (declining to affirm "simply because some rationale might have supported the ALJ's conclusion"); *Keeton*, 21 F.3d at 1066 ("The Secretary's failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal").

Because the ALJ did not explain why certain portions of Dr. Sadovnik's and Dr. Golin's opinions were not incorporated in the RFC finding despite affording these opinions great weight, the Court is unable to determine how the ALJ evaluated these opinions, and the Court will not inject its own assumptions when the decision itself is silent. Accordingly, remand for the ALJ's further explanation of her evaluation of Dr. Sadovnik's and Dr. Golin's opinions, and their effect, "if any," on Plaintiff's RFC, is warranted. *Dempsey*, 454 F. App'x at 734; *Knoblock v. Colvin*, No. 8:14-CV-00646-MCR, 2015 WL 4751386, at *3–4 (M.D. Fla. Aug. 11, 2015) (finding reversal necessary "because the ALJ failed to sufficiently articulate her reasons for rejecting portions of [an examining physician's] opinion while accepting others," because "in the absence of an explanation for reasons for excluding these limitations, the Court may not draw inferences from the ALJ's discussion to find clarity"); *Monte*, 2009 WL 210720, at *6–7 (remanding for the ALJ to "re-address [a nonexamining state agency physician's] assessment of Plaintiff and specifically articulate reasons for either accepting or rejecting each aspect of" the opinion).

### 2. Treating Physician Dr. Vijapura

Next, Plaintiff argues that the ALJ's reasons for assigning Dr. Vijapura's opinions little weight are inadequate. (Dkt. 16 at 18.) The record shows that Plaintiff sought treatment with Dr. Vijapura for depressive and anxious symptoms in January 2012. (271–74.) In August 2014, Dr. Vijapura completed a mental medical source statement, in which he opined that Plaintiff would be unable to meet the competitive standards of unskilled work in eleven of the sixteen ability and aptitude categories, and was "seriously limited" in the remaining five categories. (Tr. 336–40.) Further, Dr. Vijapura opined that Plaintiff would be absent from work more than four days per month. (Tr. 339.)

The ALJ afforded Dr. Vijapura's opinions little weight. First, the ALJ reasoned that Dr. Vijapura's treatment notes did not support "such an extreme level of limitation." (Tr. 24.) Specifically, the ALJ noted that although Plaintiff reported symptoms of depression and anxiety, her mental status findings were normal and she reported that medication helped her. (Tr. 24, 273, 274.) Further, the ALJ found Dr. Vijapura's opinions inconsistent with Plaintiff's reports of her symptoms in examinations conducted by evaluative consultant, Dr. Nekeshia Hammond. (Tr. 24.) Specifically, during her examination with Dr. Hammond, Plaintiff reported daily activities of attending church, speaking to friends and family on the phone, taking care of her children, driving her car, and going shopping. (Tr. 277.) Further, Dr. Hammond found Plaintiff's attention, concentration, and memory to be "intact." (Tr. 277.)

The ALJ adequately articulated good cause for discounting Dr. Vijapura's opinions by finding that Dr. Vijapura's opinions were inconsistent with his own treatment notes and not bolstered by the evidence. *See Winschel*, 631 F.3d at 1179; *Phillips*, 357 F.3d at 1241 (finding that the ALJ's discounting a treating physician's opinions supported by substantial evidence in part because the opinions were "at odds" with the physician's observations and the plaintiff's reports of her activities). Further, the ALJ's reasoning for discounting Dr. Vijapura's opinions is supported by the record. (Tr. 273, 274, 277, 414–15.) Accordingly, Plaintiff's contention does not warrant reversal.

### 3. Consultative Examining Physician Dr. Hammond

Finally, Plaintiff argues that the ALJ erred by failing to state the weight he accorded the opinion of consultative examining physician Dr. Hammond. (Dkt. 16 at 20.) Specifically, Plaintiff argues that "[i]t is impossible to know [how] this opinion was factored into the [RFC] without knowing the weight provided to the opinion of Dr. Hammond." (Dkt. 16 at 21–22.) In response,

Defendant argues that the ALJ's decision shows that he considered Dr. Hammond's opinion. (Dkt. 22 at 8.)

In December 2012, Dr. Hammond examined Plaintiff and prepared a psychological evaluation. (Tr. 275–78.) In his evaluation, Dr. Hammond opined that Plaintiff suffered from major depressive order and anxiety disorder and found Plaintiff's prognosis to be fair. (Tr. 278.) Dr. Hammond did not provide any opinions about Plaintiff's ability to work. Although the ALJ summarized Dr. Hammond's opinion (Tr. 23–24), Plaintiff is correct that the ALJ failed to specify the weight afforded to Dr. Hammond's opinion, which was error. *McClurkin*, 625 F. App'x at 962. The Court must determine whether this error was harmless, meaning whether the error affected the ALJ's "ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (finding that the failure to state the weight assigned to a medical opinion was harmless because it did not affect the ALJ's ultimate determination).

Plaintiff does not identify whether portions of Dr. Hammond's opinions should have been incorporated into the ALJ's RFC assessment, or whether the ALJ's doing so would have affected his RFC assessment. As mentioned, Dr. Hammond did not provide opinions regarding Plaintiff's ability to perform work, and Plaintiff has not argued if or how the ALJ's decision would have changed had he explicitly accorded Dr. Hammond's opinion weight. And, importantly, "the ALJ's decision makes clear" that Dr. Hammond's evaluation was "considered in detail." *See Brown v. Comm'r of Soc. Sec.*, No. 16-11340, 2017 WL 695067, at *1 (11th Cir. Feb. 22, 2017). Specifically, the ALJ summarized Dr. Hammond's evaluation (Tr. 23–24), and cited it to support his analysis of Dr. Vijapura's opinions and nurse practitioner Sharon Shaw's statements. (Tr. 24.) Therefore, Plaintiff's contention does not warrant reversal because it is clear that the ALJ

considered Dr. Hammond's opinion and Plaintiff has made no showing that the ALJ's assigning the opinion a specific weight would have changed the ALJ's decision.

**B.     Hypothetical to the VE**

Plaintiff's final contention is that the ALJ's hypothetical to the VE did not encompass all of Plaintiff's limitations and, therefore, the ALJ erred at step five in the sequential process by relying on the VE's testimony about work Plaintiff is able to perform. (Dkt. 16 at 22.) When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). A VE's testimony constitutes substantial evidence when the ALJ poses a hypothetical question to the VE "which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227.

Plaintiff argues that the ALJ failed to include his findings, at step three of the sequential process, that Plaintiff has moderate limitations with concentration, persistence, and pace, and in social functioning (Tr. 19–20) in his hypothetical to the VE. (Dkt. 16 at 23–24.) Limiting Plaintiff to unskilled work and simple, routine, and repetitive tasks, Plaintiff argues, does not adequately account for Plaintiff's moderate concentration, persistence, and pace limitations. (Dkt. 16 at 23.)

In support of this argument, Plaintiff cites a Sixth Circuit decision, in which the Sixth Circuit found that the ALJ erred by not including the plaintiff's limitations regarding pace. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516–17 (6th Cir. 2010). There, the ALJ found that the plaintiff had moderate difficulties with concentration, persistence, and pace. *Id.* at 517, n.4. The

Sixth Circuit concluded that the ALJ's hypothetical limiting plaintiff to simple, repetitive tasks and instructions omitted the plaintiff's "speed- and pace-based restrictions." *Id.* at 516. Plaintiff also cites an opinion from the Middle District of Florida in which, like the Sixth Circuit, the Court found that limiting a plaintiff's RFC to simple, routine tasks did not address the plaintiff's pace limitations because "[t]he ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks, whether simple or complex." *Kidd v. Comm'r of Soc. Sec.*, No. 6:15-CV-535-ORL-DAB, 2016 WL 3090401, at *7 (M.D. Fla. June 2, 2016). The court concluded that the ALJ's decision was not based on substantial evidence because the ALJ's hypothetical omitted pace limitations. *Id.* at *8.

The Eleventh Circuit has held that where the ALJ determined that the claimant's "mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace," "the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert." *Winschel*, 631 F.3d at 1180–81. If the ALJ's hypothetical to the VE fails to include these impairments, then the VE's testimony cannot be substantial evidence supporting the ALJ's disability determination. *Id.* at 1181.

Here, like in *Winschel*, after finding that Plaintiff has moderate difficulties with concentration, persistence, and pace (Tr. 19–20), the ALJ did not incorporate these limitations into his hypothetical to the VE (Tr. 552–53). Therefore, because the ALJ's hypothetical to the VE did not include all of Plaintiff's limitations, the decision was not based on substantial evidence. Accordingly, "[o]n remand, the ALJ must pose a hypothetical question to the vocational expert that specifically accounts for [Plaintiff's] moderate limitation in maintaining concentration, persistence, and pace." *Winschel*, 631 F.3d at 1180–81.

Finally, Plaintiff also argues that the ALJ's hypothetical fails to contain the limitations contained in Dr. Vijapura's and Dr. Hammond's opinions. (Dkt. 16 at 25.) The Court rejects this argument because the Court has determined that the ALJ articulated good cause for discrediting Dr. Vijapura's opinions and that the ALJ's failure to assign a weight accorded to Dr. Hammond's opinion was harmless error. *See supra* §§ A.2 and A.3.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The decision of the Commissioner be **REVERSED** and the case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the recommendations set forth above.

2. The Clerk of the Court be directed to enter judgment consistent with this Report and Recommendation.

**IT IS SO REPORTED** in Tampa, Florida, on May 2, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Susan C. Bucklew
Counsel of Record